[777 NYS2d 913]

# In the Matter of MICHELE OKIN, an Attorney, Resignor.

Second Department, June 7, 2004

**APPEARANCES OF COUNSEL**

*Deborah A. Scalise*, Elmsford, for resignor.

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Michele Okin has submitted an affidavit dated January 26,

2004, wherein she tenders her resignation as an attorney and counselor-at-law (see 22 NYCRR 691.9). Ms. Okin was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 20, 1995.

The resignor avers that, after reviewing the affidavit with counsel, she is making her resignation voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. She avers that, on October 29, 2003, she pleaded guilty to scheme to defraud in the second degree, a class A misdemeanor, in violation of Penal Law § 190.60 (1), and petit larceny, a class A misdemeanor, in violation of Penal Law § 155.25. She also avers that she is aware of a pending investigation by the Grievance Committee into multiple complaints of professional misconduct against her alleging that she neglected legal matters entrusted to her, that she failed to refund unearned legal fees, that she failed to respond to client inquiries, that she failed to segregate unused client funds intended for filing fees, that she failed to return client documents promptly, and that she failed to respond to the Grievance Committee's inquiries in a timely manner. The resignor acknowledges that she could not successfully defend herself on the merits against any charges that may be predicated on the aforesaid allegations.

The resignor is aware that the Appellate Division, in any order permitting her to resign, could require her to make monetary restitution to any persons whose money or property she misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for the same. She is also aware that any such order could be entered as a civil judgment against her, and she specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto. The resignor does not dispute that the following amounts are presently due to be refunded to the following clients:

| Thomas Mazzeo | $ 795 |
| Helen Mazzeo | $4,500 |
| Dennis McConville | $ 170 |
| Maria Karucz | $ 180 |
| Fredrica Warner | $4,500 |

Moreover, to demonstrate her goodwill and cognizance of her obligation to refund unearned fees, she has refunded the following fees to the following clients:

| Maureen Warren | $ 500 |
| Ernestine Tucker | $1,500 |
| Patricia St. Mauro | $1,550 |
| James and Virginia McCabe | $1,000 |
| Miriam Perez | $ 100 |

While the resignor contends that she may have a claim in quantum meruit for services provided in connection with any other claims for unrefunded legal fees, she avers that she will cooperate fully with the Lawyers' Fund for Client Protection and any other tribunal of appropriate jurisdiction to resolve such claims.

The resignor contends that her misconduct was aberrational and the result of a series of incidents and illnesses that were life-altering, any one of which would have substantially altered her ability to serve her clients. They included, inter alia, repeated incidents of domestic violence from a former boyfriend (one of which resulted in both of her hands being broken), a miscarriage of one of the triplets that she was carrying, pregnancy complications requiring complete bed rest, severe postpartum depression and acute anxiety disorder, two premature infants who were born with disabilities, and the sudden death of her father while assisting in the care of those infants.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as the resignor resignation comports with all appropriate Court rules and regulations, it is accepted, and, effective immediately, the resignor is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law. Moreover, the Grievance Committee's pending application to immediately suspend the resignor and to institute and prosecute a disciplinary proceeding against her based on her conviction of a serious crime is denied as academic.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and ADAMS, JJ., concur.

Ordered that the resignation of Michele Okin is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michele Okin is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michele Okin shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michele Okin is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Michele Okin is directed to make restitution in the amounts set forth to the following persons whose money or property was willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

| Thomas Mazzeo | $ 795 |
| Helen Mazzeo | $4,500 |
| Dennis McConville | $ 170 |
| Maria Karucz | $ 180 |
| Fredrica Warner | $4,500 |

Ordered that the Grievance Committee's application to immediately suspend the resignor and to institute and prosecute a disciplinary proceeding against her based on her conviction of a serious crime is denied as academic; and it is further,

Ordered that if Michele Okin has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).